UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 5, 2015

LETTER TO COUNSEL

      RE:    *Jolie Roxin v. Commissioner, Social Security Administration*;
              Civil No. SAG-14-2311

Dear Counsel:

On July 21, 2014, Plaintiff Jolie Roxin petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, the Commissioner's supplemental brief in support of her motion, and Ms. Roxin's reply.[1] [ECF Nos. 14, 18, 22, 27]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both parties' motions and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Ms. Roxin filed her claims for benefits on August 20, 2010, alleging a disability onset date of July 1, 2010. (Tr. 171-81). Her claims were denied initially and on reconsideration. (Tr. 88-91, 98-101). A hearing was held on April 30, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 40-79). Following the hearing, the ALJ determined that Ms. Roxin was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 21-39). The Appeals Council denied Ms. Roxin's request for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Roxin suffered from the severe impairments of disorders of back and affective disorder. (Tr. 26). Despite these impairments, the ALJ determined that Ms. Roxin retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except frequently climbing ramp/stairs, balancing, stooping, kneeling, and crouching; occasional crawling and overhead and repetitive reaching on the right; and never climbing ladder/rope/scaffolds. In addition, claimant will need little change in work setting from day to day.

---

[1] Pursuant to this Court's March 24, 2015, Order, the Commissioner was permitted to file supplemental briefing addressing apparent issues that arose as a result of the Fourth Circuit's March 18, 2015, opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). [ECF No. 21].

*Jolie Roxin v. Commissioner, Social Security Administration*
Civil No. SAG-14-2311
June 5, 2015
Page 2

(Tr. 28). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Roxin could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 33-34).

On appeal, Ms. Roxin raised six arguments: (1) that the ALJ improperly discounted her mental health complaints as having been triggered by her divorce; (2) that the ALJ did not adequately consider the notes from her treating psychotherapists; (3) that the ALJ erred in making an adverse credibility assessment; (4) that the ALJ assigned inadequate weight to the opinion of her treating physician, Dr. Sevieri; (5) that the ALJ did not fully evaluate the opinion of a state agency physician, Dr. Johnston; and (6) that the ALJ presented a faulty hypothetical to the VE. Additionally, as addressed below, I have considered Ms. Roxin's case under the dictates of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), a Social Security appeal from the Eastern District of North Carolina. Because the ALJ's evaluation of Ms. Roxin's "moderate limitation" in concentration, persistence, or pace was inadequate under *Mascio*, remand is warranted. Remand is also appropriate in light of the ALJ's use of the boilerplate language rejected by the Fourth Circuit in *Mascio*. In so holding, I express no opinion as to whether the ALJ's ultimate determination that Ms. Roxin was not entitled to benefits was correct or incorrect.

As background, on March 18, 2015, while Ms. Roxin's case remained pending, the United States Court of Appeals for the Fourth Circuit published its opinion in *Mascio*. In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, two of which appeared relevant to the analysis of this case. Accordingly, on March 24, 2014, the Court afforded the parties additional time to brief the apparent *Mascio* issues. [ECF No. 21].

Pertinent to this case, the Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work,[2] despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

---

[2] The hypothetical the ALJ posed to the VE in *Mascio* did not actually limit the claimant to unskilled work, and thus did not match the ALJ's RFC assessment. However, the VE indicated that all of the jobs cited in response to the hypothetical involved "unskilled work" such that, in effect, the hypothetical matched the ALJ's RFC assessment.

*Jolie Roxin v. Commissioner, Social Security Administration*
Civil No. SAG-14-2311
June 5, 2015
Page 3

This case is partially distinguishable from *Mascio*. At step three of the sequential evaluation, the ALJ determined that, "with regard to concentration, persistence or pace," Ms. Roxin has "moderate difficulties." (Tr. 28). The entirety of the analysis states, "[c]laimant's visits to her primary care provider indicated some increased anxiety related to ongoing personal stress; however, depressive symptoms are helped with Savella. Mental status examinations showed no cognitive impairment, suicidal ideation or thought disturbance. Thus, I find the claimant's mental impairments do not impose any marked or extreme difficulties with regard to concentration, persistence or pace." (Tr. 28) (internal citations omitted). According to 20 CFR § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 CFR § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Ms. Roxin's case suggests that the finding of "moderate difficulties" was based exclusively on the finding that Ms. Roxin suffered increased anxiety, since the sole remaining sentence in the analysis would suggest mild or no limitations.

The difference between this case and *Mascio* is that instead of a RFC restriction to "simple, routine tasks" or "unskilled work," the ALJ in this case imposed only a RFC restriction to "little change in work setting from day to day." (Tr. 28). In the section of the opinion explaining the RFC assessment, the ALJ cites to an examination in which Ms. Roxin "maintained good memory and concentration, clear and very detailed thought processes with fair insight and judgment." (Tr. 31). Thus, it appears that the ALJ did not believe Ms. Roxin to have significant issues with concentration, persistence, or pace. The limitation to "little change in work setting from day to day" does not appear to bear any direct relationship either to

concentration, persistence, or pace or to social functioning.[3]  Without an understanding of why the ALJ appears to have reached contradictory conclusions about whether Ms. Roxin does or does not have moderate difficulties with concentration, persistence, or pace, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.  On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

Also pertinent to this case, in *Mascio*, the court found error in the ALJ's statement that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  *Mascio*, 780 F.3d at 639.  The *Mascio* court determined that the use of that boilerplate suggests that the ALJ determined the RFC assessment prior to considering credibility, which is improper.  *Id.*  The Fourth Circuit also found that the ALJ in *Mascio* failed to render the error harmless by providing sufficient analysis to allow the court to determine which of the claimant's statements were or were not credited by the ALJ.  *Id.* at 639-40.  Similar issues plague the ALJ's analysis in this case.  The ALJ used the same boilerplate language rejected in *Mascio* in evaluating Ms. Roxin's credibility.  Moreover, the ALJ's ensuing credibility analysis does not make clear the reasons for the adverse determination.  For example, the ALJ relies on the fact that Ms. Roxin's allegedly limited daily activities "cannot be objectively verified with any reasonable degree of certainty." (Tr. 31).  However, the lack of objective verification does not warrant rejection of a claimant's allegations, since medical conditions such as pain are not readily subject to objective testing.  *See Hyatt v. Sullivan*, 899 F.2d 329, 337 (4th Cir. 1990) ("Because pain is not readily susceptible of objective proof, however, the absence of objective medical evidence of the intensity, severity, degree, or functional effect of pain is not determinative.").  The ALJ further relies on statements by Ms. Roxin's treating physician that certain of her symptoms were "overall better." (Tr. 31).  Those statements, standing alone, mean little without a point of reference as to the severity of Ms. Roxin's prior conditions.  To use an extreme example, a person who is bedridden may be described as "overall better" if he is able to walk a few steps to a restroom, but would remain unable to work an eight-hour day.  Although there is no indication that Ms. Roxin's condition is similarly dire, citation to isolated notes indicating some improvement in her condition is unhelpful in permitting an adequate assessment of her credibility.  Thus, in light of the use of the boilerplate rejected by the Fourth Circuit in *Mascio*, I find that remand is appropriate so that the language can be altered and the credibility analysis can be bolstered or revised, as necessary.

---

[3] There is a similar issue with respect to the ALJ's findings on social functioning.  The ALJ made inherently contradictory statements, within a single paragraph, about Ms. Roxin's social functioning limitations.  (Tr. 27) ("In social functioning, the claimant has mild difficulties . . . Thus, I find the claimant's mental impairments do not impose more than moderate difficulties in social functioning." (Tr. 27).  Assuming without deciding that the ALJ intended a finding of moderate limitation, it would follow from the Fourth Circuit's reasoning in *Mascio* that the RFC assessment should either include a limitation dealing with social functioning or provide an explanation for the absence of such a limitation.  In this case, no such limitation or analysis is present.  On remand, then, the ALJ should address this deficiency.

*Jolie Roxin v. Commissioner, Social Security Administration*
Civil No. SAG-14-2311
June 5, 2015
Page 5

      I need not determine whether the arguments raised in Ms. Roxin's Motion for Summary Judgment, standing alone, merit remand, because the case is being remanded on other grounds. However, on remand, the ALJ should also cure several apparent deficiencies highlighted in those arguments.  First, the ALJ should explain his statement regarding the effect of Ms. Roxin's divorce on her mental health status (including how that statement impacted his credibility assessment and whether he believes her mental health symptoms were confined to a particular time frame).  He should likewise address the recommendation of Ms. Roxin's treating physician (echoed by Dr. Johnston, the state agency physician whose opinion he assigned "some weight") that Ms. Roxin would require a sit/stand option.

      Finally, with respect to Ms. Roxin's argument concerning the ALJ's consideration of Exhibit 29F, it is apparent from the ALJ's summary of the mental health treatment notes, that Exhibit 29F was indeed considered in his determination.  (Tr. 30) ("Progress notes from May 2010 through November 2010 continued to document financial difficulties, depression over divorce.  She was advised to seek shelter from her abusive husband (Exhibit 29F)."). Moreover, while the Commissioner's decision must "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based," 42 U.S.C. § 405(b)(2), "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision." *Reid v. Commissioner of Social Security*, 769 F.3d. 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).  Thus, there is no error in the ALJ's consideration of Exhibit 29F.

      For the reasons set forth herein, Ms. Roxin's Motion for Summary Judgment [ECF No. 14] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 18] is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Sincerely yours,

      /s/

      Stephanie A. Gallagher
      United States Magistrate Judge